Peter H. Bonis, SBN 122016
LAW OFFICES OF PETER H. BONIS
1990 N. California Blvd., Eighth Floor
Walnut Creek, California 94596
Telephone:	(925) 287-6428
Facsimile:	(925) 287-6429

Email:peter@bonislaw.com

Attorney for William and Cathy Lemas

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>WALTER AND MARIBEL NG<br><br>Debtor | Case No. 11-45175<br><br>Chapter 11 |
| MICHAEL D. AHERN, SANDRA AHERN, ELEANOR AHERN, WILLIAM AHERN, JONATHAN ATHEN, PATRIDIA VELLA TRUSTEE ON BEHALF OT HE CAMPTION FAMILY EXEMPT TRUST, DONTALD ANZILOTTI, JOHN LEE, JOHN R. LEE AND CATHERINE R. BRENT, TRUSTORS FOR THE JOHN AND EVELYN LEE SETTLORS TRUST, CATHERINE R. BRENT, , DONALDK AND JOAN KANE AS TRUSTEES FOR THE DONALD AND JOAN KANE REVOCALBE TRUST, GREGORY D. BRENT, DEBRA A BRENT, KEVIN AHERN, JEFF AND DIANE CRANOR,<br>Plaintiffs.<br><br>v.<br><br>WALTER and MARIBEL NG<br><br>Defendant. | Adv.Proc. No._____<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C §523 (a)(4), (6)) |

Plaintiffs allege the following:

-1-
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

# GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF
## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(a), 157(b)(2)(I) and 1334, and 11 U.S.C. §523.

2. This is a core proceeding. This adversary proceeding is being brought in connection with defendant/debtor Walter Ng's bankruptcy case under Chapter 11 of the United States Bankruptcy Code, Case Number 11-45175 now pending in the United States Bankruptcy Court for the Northern District of California, Oakland Division.

## PROCEEDINGS

3. This is an adversary proceeding to determine the dischargeability of a debt owed by defendant Walter Ng to Ronald and Dianna Conklin.

## PARTIES

4. Defendant Walter Ng ("Defendant") is an individual and a debtor in this Chapter 11 case.

5. Plaintiffs Michael D. Ahern, Sandra Ahern, Eleanor Ahern, William Ahern, Jonathan Ahern, Patricia Vella Trustee On Behalf Of He Campion Family Exempt Trust, Donald Anzilotti, John Lee, John R. Lee And Catherine R. Brent, Trustors For The John And Evelyn Lee Settlors Trust, Catherine R. Brent, Donald K And Joan Kane As Trustees For The Donald And Joan Kane Revocable Trust, Gregory D. Brent, Debra A Brent, Kevin Ahern, Jeff And Diane Cranor, (Collectively, "Plaintiffs") Are Individuals, and/or Trustee And Are Creditors Of Defendant.

## FIRST CLAIM FOR RELIEF
(For All Plaintiffs, to Determine DISCHARGEABILITY of Debts for Property Obtained by False Pretenses, False Representations or Actual Fraud)
11 U.S.C §523(a)(2)(A)

-2-

6. Plaintiffs incorporate each and every allegation set forth in Paragraphs 1 through 5 above, as though fully set forth herein.

7. On the date of the filing of the petition in bankruptcy, Plaintiffs were and now are creditors of Defendant.

8. During the past ten years or so on a yearly basis Defendant held events for Plaintiffs in or about May of each year. The events were used by Defendant to entice Plaintiffs to give Defendant money. Defendant made verbal representations to Plaintiffs at such events.

9. During the past ten years or so Defendant gave to Plaintiffs written documents to entice Plaintiffs to give Defendant money. Defendant made written representations to Plaintiffs in such documents.

10. Defendant represented to Plaintiffs both verbally at such events and in writing in such documents that if Plaintiffs gave Defendant money, then the following would be true:

   a. Plaintiffs would receive interest on the money and that Plaintiffs could have their money and the interest back at any time.

   b. Plaintiffs' money would be safe.

   c. Plaintiffs' ability to withdraw money would not be affected.

   d. Defendant would continue to use the same business procedure, practices and philosophy as he had for the past 21 years, including maintaining the liquidity of the money.

   e. The money would not be used to make and sub-prime home loans in Plaintiff's portfolio.

   f. The assets which are the security for the money were strong.

11. Defendant had a duty of full disclosure and honesty to Plaintiffs.

12. These representations were false and Defendant knew such representations were false.

13. Defendant intentionally made the false representations to Plaintiffs to coerce Plaintiffs to give Defendant money.

14. Defendant unlawfully used said funds of Plaintiffs with full knowledge of the consequences that Plaintiffs would suffer upon his fraud and misappropriation of Plaintiff's funds.

15. Defendant intended Plaintiffs to rely on such representations, Plaintiffs relied upon Defendant's representations and Plaintiffs had a reasonable right to rely on Defendant's representations.

16. As a direct result of such representations, Plaintiffs gave money to Defendant.

17. Plaintiffs were harmed by the representations of Defendant in that Plaintiffs gave defendant money which Defendant refuses to return to Plaintiffs. Plaintiffs have been harmed in the full amount that they gave to Defendant that has not been returned, plus interest, fees and costs.

18. In making such representations herein alleged, Defendant acted despicably with oppression, fraud and malice, entitling Plaintiffs to punitive damages in the amount according to proof at trial.

19. The damages suffered by Plaintiffs are nondischargeable under §523(a)(2)(A) of the Bankruptcy Code.

WHEREFORE, Plaintiffs pray for judgment against Defendant as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(For All Plaintiffs, to Determine DISCHARGEABILITY of Debts for Property Obtained by Fraud or Defalcation While Acting in a Fiduciary Capacity)**
**11 U.S.C §523(a)(4)**

20. Plaintiffs incorporate each and every allegation set forth in Paragraphs 1 through 19 above, as though fully set forth herein.

-4-
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Case: 11-04248    Doc# 1    Filed: 08/05/11    Entered: 08/05/11 16:34:53    Page 4 of 8

21. Defendant held a California real Estate Broker's License issued by the California Department of Real Estate.

22. Defendant had a fiduciary duty to Plaintiffs to invest monies in a wise and prudent manner. Defendant breached that fiduciary duty due to his fraud, misrepresentations and misappropriation of Plaintiffs' funds.

23. Defendant breached his duty of full disclosure and honesty to Plaintiffs by intentionally misrepresenting the transactions to Plaintiffs.

24. Defendant collected a fee from the transactions for making the loan, which fee Defendant may have transferred to others without knowledge of Plaintiffs.

25. As a direct result of such representations, Plaintiffs gave money to Defendant.

26. Plaintiffs were harmed by the representations of Defendant in that Plaintiffs gave Defendant money which Defendant refused to return to Plaintiffs. Plaintiffs have been harmed in the full amount that they gave to Defendant that has not been returned, plus interest, fees and costs.

27. In making such representations herein alleged, Defendant active despicable with oppression, fraud and malice, entitling Plaintiffs to punitive damages in the amount according to proof at trial.

28. The debt owed by Defendant to Plaintiffs for the wrongful use of Plaintiffs' funds is nondischargeable under §523(a)(4) of the Unites State Bankruptcy Code.

WHEREFORE, Plaintiffs pray for judgment against Defendant as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
(For All Plaintiffs, to Determine DISCHARGEABILITY of Debts for Property Obtained by Use of a Writing That Is Materially False)
11 U.S.C §523(a)(2)(B)(i)

29. Plaintiffs incorporate each and every allegation set forth in Paragraphs 1 through 28 above, as though fully set forth herein.

-5-
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
Case: 11-04248    Doc# 1    Filed: 08/05/11    Entered: 08/05/11 16:34:53    Page 5 of 8

30. The written representations were false and were used to entice Plaintiffs to give money to Defendants.

31. The false representations were made with respect to Defendant's insider's financial condition.

32. As a direct result of such written false representations, Plaintiffs reasonably relied on such false representations and gave money to Defendant.

33. Plaintiffs were harmed by the written false representations of Defendant in that Plaintiffs gave Defendant money which Defendant refuses to return to Plaintiffs. Plaintiffs have been harmed in the full amount that they gave to Defendant that has not been returned, plus interest, fees and costs.

34. In making such representations herein alleged, Defendant acted despicably with oppression, fraud and malice, entitling Plaintiffs to punitive damages in the amount according to proof at trial.

35. The debt owed by Defendant to Plaintiffs for the wrongful use of Plaintiffs' funds is nondischargeable under §523(a)(2)(B)(i) of the United States Bankruptcy Code.

WHEREFORE, Plaintiffs pray for judgment against Defendant as hereinafter set forth.

Wherefore, Plaintiffs respectfully request that this Court:

a. Determines that Defendant's obligations, damages or debt to Plaintiffs are nondischargeable pursuant to 11 U.S.C. §523(a)(4)(6);

b. For damages on its First Claim in the sums set forth in attachment A plus interest according to proof;

c. For damages on its Second Claim in the minimum sum as set forth in Attachment A plus interest according to proof;

d. For damages on its Third Claim in the minimum sums as set forth in attachment A, plus interest according to proof;

e. For interest, costs and attorney fees be awarded Plaintiffs on the above described obligation to the maximum allowed by law;

f. For punitive damages according to proof;

g. For costs of suit; and

h. For such other and further relief as this Court deems just and proper.

Dated August 2, 2011                             *Peter H. Bonis*

                                               Peter H. Bonis
                                               Attorney at Law
                                               Law Offices of Peter H. Bonis

EXHIBIT A

| NAME | ACCOUNT # | AMOUNT |
|---|---|---|
| Michael D. Ahern, Sep IRA | 2AHE011 | 259,131 |
| Sandra Ahern | AHE015 | 128,465 |
| Sandra Ahern | A011-LLC | 100,000 |
| Eleanor & William Ahern | A010-LLC | 100,000 |
| Eleanor Ahern | AHE045 | 101,437 |
| C/O Michael Ahern   4012 Sugar Maple Dr. Danville, Ca. 94506 | | |
| Jonathan Ahern | AHE030 | 40,028 |
| Jonathan Ahern | 08AHE06 | 36,676 |
| Jonathan Ahern | 08AHE05 | 16,892 |
| 1015 Sunshine Circle Danville, Ca 94506 | | |
| Campion Family Exempt Trust | 08VEL00 | 205,936 |
| Patricia Vella, Trustee | | |
| 1890 St. George Rd. Danville, Ca. 94526 | | |
| Donald Anzilotti | | 102,000 |
| 5963 Castlebrook Dr. Castro Valley, Ca 94552 | | |
| John R. Lee | LEE040 | 64,065 |
| 690 Silverlake Dr. Danville, Ca. 94526 | | |
| John & Evelyn Lee Settelors Trust | LEE041 | 342,222 |
| John R. Lee & Catherine R. Brent Trustees | | |
| Catherine R. Brent   0574 | BRE025 | 5,830 |
| 166 East Lane Alamo, Ca 94507 | | |
| Donald & Joan Kane, Trustees | 08KAN00 | 255,180 |
| Donald & Joan Kane Rev. Trust | | |
| 4440 Ewing Rd. Castro Valley, Ca. 94546 | | |
| Gregory D. & Debra A. Brent | BRE020 | 35,086 |
| 2727 Kildeer Court Union City, Ca 94587 | | |
| Kevin Ahern | AHE035 | 88,600 |
| 1271 Camino Tassajara Danville, Ca 94526 | | |
| Jeff and Diane Cranor | | 100,000 |
| Jeff Cranor IRA | | 60,000 |
| Diane Cranor IRA | | 30,000 |
| 537 Silverlake Drive Danville, Ca 94526 | | |